# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAMON LANDOR** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER 21-733-SDD-SDJ** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **CHIEF JUDGE SHELLY D. DICK** |
| **PUBLIC SAFETY & CORRECTIONS,** | * | |
| **a public entity, ET AL.** | * | **MAG. JUDGE SCOTT D. JOHNSON** |

**************************************

## MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CAUSE OF ACTION

**NOW INTO COURT**, through undersigned counsel, come the Defendants, State of Louisiana, through the Department of Public Safety and Corrections (DPSC); James M. LeBlanc, individually and in his official capacity as Secretary of DPSC; and Marcus Myers, individually and in his official capacity as Warden of the Raymond Laborde Correctional Center (RLCC), respectfully moving to dismiss all claims against them for the following reasons.

1. Plaintiff lacks standing to sue for prospective equitable (non-monetary) relief.

2. RLUIPA claims against individual defendants and claims for monetary relief are barred.

3. All 42 U.S.C. §1983 claims against DPSC and RLCC, and all §1983 claims for monetary relief against LeBlanc and Myers, in their official capacities, should be dismissed as frivolous because they are not "persons" capable of being sued under §1983.

4. All state law claims against DPSC and against LeBlanc and Myers, in their official capacities, should be dismissed for lack of jurisdiction because they are entitled to sovereign immunity.

5. RLCC is a prison, which is not an entity with the capacity to be sued. It must be dismissed from this suit with prejudice.

1

6. The twenty (20) fictitious defendants and their "Count V" should be dismissed because Plaintiff's complaint contains no fact indicating any of them actually exists, let alone is liable to the Plaintiff in some way.

7. Defendants LeBlanc and Myers, individually, are entitled to qualified immunity from suit under §1983 and the Louisiana Constitution.

8. Plaintiff admittedly failed to exhaust administrative remedies and, therefore, his state law claims must be dismissed.

9. Alternatively, Plaintiff's shotgun state law claims against "all defendants" violate Rule 8 and, therefore, should be dismissed pursuant to Rule 12.

10. For the reasons delineated herein, which are fully briefed in the accompanying Memorandum in Support of the instant Motion, Plaintiff's Complaint should be dismissed in its entirety.

**WHEREFORE**, the Defendants pray that this Motion be granted and that Plaintiff's Complaint be dismissed.

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: *s/Phyllis E. Glazer*
**PHYLLIS E. GLAZER (#29878)**
**ASSISTANT ATTORNEY GENERAL**

**Louisiana Department of Justice**
**Litigation Division, Civil Rights Section**
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone:    225-326-6300
Facsimile:    225-326-6495
E-mail:    GlazerP@ag.louisiana.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on <u>April 13, 2022</u>, I electronically filed the foregoing using the Court's CM/ECF system, which will provide a notice of electronic filing to all counsel of record. I further certify that all parties to this action are represented by CM/ECF participants.

          *s/Phyllis E. Glazer*
          **PHYLLIS E. GLAZER**