UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAMON LANDOR                                                CIVIL ACTION

VERSUS

LOUISIANA DEPARTMENT OF CORRECTIONS             NO. 21-733-SDD-SDJ
AND PUBLIC SAFETY, ET AL.

RULING

Before the Court is the Motion to Dismiss filed on behalf of defendants James LeBlanc, Louisiana Department of Corrections & Public Safety, and Marcus Meyers (R. Doc. 19). The Motion is not opposed.

*Pro se* plaintiff, an inmate formerly confined at the Raymond Laborde Correctional Center ("RLCC"), filed this action pursuant to 42 U.S.C. § 1983 against the moving defendants, RLCC, John Does 1-10, and ABC Entities 1-10 complaining that his constitutional rights were violated when his hair was forcibly cut in violation of his religious beliefs. He seeks monetary, declaratory, and injunctive relief.

The defendants assert, *inter alia*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp.*

*v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, the plaintiff alleges that he is a practicing Rastafarian, and in accordance with his religion he does not cut his hair. As a result, his hair grew into long locks over a period of 20 years. Upon transfer to the Raymond Laborde Correctional Center, on December 28, 2020, the plaintiff informed a guard and Warden Marcus Meyers that he was a practicing Rastafarian and that he maintained long hair in accordance with his religious beliefs. Warden Meyers instructed officers to escort the plaintiff into a room where he was placed in a chair, handcuffed, and held down by two officers while his head was shaved bald. The plaintiff was released on January 20, 2021 and has started to regrow his locks.

**RLUIPA**

As an initial matter, upon his release from confinement on January 20, 2021, the plaintiff's claims for declaratory and injunctive relief became moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Likewise, the plaintiff's claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), are moot as that statute "does not authorize a private cause of action for compensatory or punitive damages." *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017). As such, any claims that the plaintiff seeks to raise under it are rendered moot by his release. *See Hoffman v. Thaler*, 539 F. App'x. 507 (5th Cir. 2013) and *Morgan v. Patterson*, 772 F. App'x. 117 (5th Cir. 2019) (affirming dismissal of RLUIPA claims rendered moot by release from custody).

**First Amendment**

With regards to the plaintiff's First Amendment claims, a prison policy or practice will not be found unconstitutional if it is reasonably related to a legitimate penological objective of the facility. *Hay v. Waldron*, 834 F.2d 481, 487–87 (5th Cir. 1987). This general statement of the law has been upheld when a regulation prevented a group of Muslim inmates from attending Jumu'ah, the central religious ceremony of the Muslim faith, similar to Christian Sunday services or Saturday services of the Jewish faith. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 360 (1987). This rule has also been applied to regulations that required Rastafarians to cut their hair, even though keeping one's hair unshorn and unwashed is a tenet of the Rastafari religion. *See Scott v. Mississippi Dept. of Corrections*, 961 F.2d 77 (5th Cir. 1992), and *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). As to the plaintiff's First Amendment claims, *Scott* and *Hicks* are controlling. *See also Hadley v. River Bend Detention Center,* 771 F. App'x. 560 (5th Cir. 2019) (affirming dismissal of plaintiff's First Amendment claim for the forced cutting of his hair in violation

of his religious beliefs). Accordingly, the plaintiff's allegations in this regard fail to state a claim.

### Failure to Train or Supervise

With regards to the plaintiff's claims of supervisory liability, the Fifth Circuit has instructed that to hold a defendant supervisor liable on a theory of failure to train or supervise, the plaintiff must show that (1) the supervisor either failed to supervise or train the subordinate official, (2) a causal link exists between the failure to train or supervise and the violation of the plaintiffs rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Brauner v. Coody*, 793 F.3d 493, 501 (5th Cir. 2015). Conclusory allegations of failure to train or supervise are insufficient to set out a constitutional claim. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). "Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2010).

A supervisory official is deliberately indifferent only when the inadequate training is so obvious that a constitutional violation would almost always result. *Sewell v. LeBlanc*, No. 11-780, 2012 WL 528217, at *3 (M.D. La. Jan. 26, 2012), *report and recommendation adopted*, 2012 WL 528197 (M.D. La. Feb. 16, 2012). Indeed, a plaintiff alleging a failure to train must show a pattern of similar violations. *Thompson*, 245 F.3d at 459; *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005). In the instant matter, the plaintiff has not alleged a viable violation of his constitutional rights, nor has the plaintiff alleged with specificity a pattern of similar violations such that the alleged inadequate training was so obvious that a constitutional violation would almost

always result. As such, the plaintiff has failed to state a claim for supervisory liability for failure to train or supervise.

### Eighth Amendment

*Conditions of Confinement*

Turning to the plaintiff's claims asserted under the Eighth Amendment, the prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing, and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). However, a constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994)(citing *Wilson v. Seiter*, *supra,* 501 U.S. at 304). Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).

The plaintiff's claim is governed by the First rather than the Eighth Amendment. *See Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 842 (1998). Even if the plaintiff's allegations stated viable Eighth Amendment claims, the claims would not be separate from his First Amendment claims. In a federal civil rights action under § 1983, when a claim arises under multiple constitutional provisions, a court should analyze the claim under the most applicable constitutional provision. *See Graham v. Connor,* 490 U.S. 386, 394–95 (1989). As Plaintiff's claims concern his right to exercise his religious beliefs, the First Amendment standard is the appropriate standard. *See Pittman-Bey v. Celum*, 557

<mark>F. App'x 310 (5th Cir. 2014) (finding that the First Amendment is appropriate standard to analyze plaintiff's claim for failure to provide religious diet and concluding that the Magistrate Judge did not err in dismissing the plaintiff's Eighth Amendment claims).</mark>

Moreover, the inability to participate in a religious practice does not constitute the deprivation of a basic human need or life necessity. *See Rhodes v. Chapman*, 452 U.S. at 347 (1981) (To satisfy the objective component of an Eighth Amendment claim, a prisoner must demonstrate that his or her conditions of confinement alone or in combination resulted in "unquestioned and serious deprivations of basic human needs" or "deprive[d] [him or her] of the minimal civilized measures of life's necessities."). There is no indication that Defendants' conduct and/or policies, as they impacted Plaintiff's exercise of his religious beliefs, resulted in a sufficiently serious deprivation of a basic human need such that an Eighth Amendment violation is implicated.

### State Law Claims

Finally, with regards to the plaintiff's allegations seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of the plaintiff's federal claims, the Court declines supplemental jurisdiction over plaintiff's potential state law claims. Accordingly, having found that the plaintiff has failed to state a claim upon which relief may be granted,

<mark><mark>Case 3:21-cv-00733-SDD-SDJ</mark></mark>

**IT IS ORDERED** that the Motion to Dismiss (R. Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, with prejudice. Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on  September 29, 2022 .

                                                            *Shelly D. Dick*
                                     **CHIEF JUDGE SHELLY D. DICK**
                                     **UNITED STATES DISTRICT COURT**
                                     **MIDDLE DISTRICT OF LOUISIANA**